**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| Robert Osborne, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>McLane Company, Inc.,<br><br>Defendant. | No. 3:26-cv-05639-BHS<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Osborne ("Plaintiff" or "Osborne") individually and on behalf of all other similarly situated employees, files this First Amended Complaint against Defendant McLane Company, Inc. ("Defendant" or "McLane"), showing in support as follows:

## I. NATURE OF ACTION

1. This is a civil action brought under the Washington Minimum Wage Act, Wash. Rev. Code §§ 49.46.005-49.46.920 (the "MWA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each seven-day workweek.

2. Plaintiff files this lawsuit individually and under Rule 23 of the Federal Rules of Civil Procedure on behalf of all similarly situated current and former employees of

Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Class Members").

3. Plaintiff and the Class Members seek all damages available under the MWA, including back wages, double damages, legal fees, costs, and pre- and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Robert Osborne

4. Plaintiff is an individual residing in Clark County, Washington. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant as a regional truck driver on or about September of 2023. Plaintiff stopped working for Defendant on or about August of 2025.

6. At all times relevant to this lawsuit, Plaintiff has met the definition of employee under the MWA. Wash. Rev. Code § 49.46.010(4).

7. At all times, Plaintiff was paid a variable per load rate.

### B. Class Members

8. The Class Members are all current and former Washington-based truck driver employees of Defendant who are or have been employed by Defendant at any time from the date three years before the commencement of this lawsuit through the date of trial of this action.

### C. Defendant McLane Company, Inc.

9. Defendant McLane is a corporation organized under the laws of the state of Texas.

10. Defendant's principal place of business as listed on the Washington Secretary of State website is 4747 McLane Pkwy; Temple, Texas 76504.

11. At all times relevant to this lawsuit, Defendant met the definition of employer under the MWA, specifically as a corporation acting directly or indirectly in the interest of an employer in relation to an employee. Wash. Rev. Code § 49.46.010(5).

## III. JURISDICTION AND VENUE

12. Plaintiff originally filed this action in the Superior Court of the State of Washington for Pierce County on April 21, 2026. Defendant removed this action to this Court on June 15, 2026, (ECF No. 1) asserting federal jurisdiction under 28 U.S.C. §§ 1332(d), 1453 (CAFA).

13. Plaintiff reserves the right to seek remand if early discovery reveals that this Court may not retain subject-matter jurisdiction over this purely state law dispute. Plaintiff files this Amended Complaint solely to comply with federal pleading standards. Nothing in this pleading constitutes a waiver of Plaintiff's contention that venue and jurisdiction properly rest where filed.

14. To the extent federal jurisdiction is provisionally asserted by Defendant's removal, Plaintiff agrees that venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a), because it is the federal judicial district embracing the state court where Plaintiff originally filed this action.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff was employed by Defendant as a regional truck driver in connection with its logistics business operations. His primary job duties involve transporting freight between locations. Plaintiff's routes always began and ended in Washington state. Plaintiff paid Washington state income taxes which were deducted by Defendant from his paycheck.

16. Plaintiff generally drove regional routes operating either a day or sleeper cab unit with a gross vehicle weight rating ("GVWR") of approximately 80,000 pounds.

Plaintiff's regional routes always began and ended in Washington. Plaintiff generally drove from Washington into Oregon and back.

17. Plaintiff frequently drives over forty hours in a workweek.

18. Plaintiff, through counsel, solicited his personnel records from McLane pursuant to Wash. Rev. Code §§ 49.12.240, 49.42.250. Plaintiff received his personnel records on March 31, 2026. However, those personnel records reflect only his bi-weekly compensation, not the hours he worked each workweek. Plaintiff believes such records exist because of DOT reporting records.

19. Plaintiff's recollection is that he seldom worked a workweek that would reflect fewer than 50 hours of work. However, Plaintiff will stipulate to the accuracy of any DOT logs that he created in establishing his hours of work.

20. Accordingly, payroll records supplied by Defendant reflect that during the biweekly pay period of March 10, 2024, through March 23, 2024, Plaintiff earned 3,545.09 in gross wages. This is consistent with Plaintiff's recollection of working approximately 60 hours in one workweek and approximately 50 hours in the other workweek. However, Plaintiff's payroll records do not reflect line-item payment of overtime wages, just flat delivery pay:

MCLANE

**McLane Northwest**
18208 NE 10th Ave
Ridgefield, WA 98642

Pay Group: 300-Northwest Pay Group
Pay Begin Date: 03/10/2024
Pay End Date: 03/23/2024

**Robert Osborne**
32402 Ne 15th st
Washougal, WA 98671

Employee ID: 000144157
Department: 10002-Transportation Drivers
Location: GR300 DM Ridgefield
Job Title: Driver A
Base Pay Rate: $39.720000 Hourly

**HOURS AND EARNINGS**

| | | Current | | YTD | |
|---|---|---|---|---|---|
| Description | Rate | Hrs/Unts | Earnings | Hrs/Unts | Earnings |
| Break Time Pay | | | 94.22 | | 172.20 |
| Delivery Pay | | | 3,227.97 | | 5,816.28 |
| Scan Rate Earnings | | | 146.40 | | 225.63 |
| Driver Delay | | | 76.50 | | 76.50 |
| Sick w/o OT - Unscheduled | | | 0.00 | 7.86 | 205.56 |
| Time Off Sell | | | 0.00 | 26.60 | 691.60 |
| Time Off w/o OT - Unscheduled | | | 0.00 | 24.14 | 638.44 |
| **TOTAL:** | | | **3,545.09** | | **7,826.21** |

21. While the calculation is admittedly imperfect based on the information in Plaintiff's possession, Plaintiff's regular rate of pay in this pay period can be calculated by dividing his gross compensation in the pay period, $3,545.09, by his total recollected hours of work in that pay period, 110 hours, yielding a regular rate of approximately $32.23 in that pay period. Given Plaintiff did not receive overtime premium compensation for his overtime hours of work in that pay period, Plaintiff did not receive his 30 hours of premium compensation at the rate of half of his regular rate of pay, which is $483.42 in that pay period.

22. This calculation will be possible to complete with accuracy on a workweek by workweek basis after discovery of DOT logs created by Plaintiff as well as discovery of weekly pay amounts which are in Defendant's possession.

23. Defendant employs at least 50 truck driver employees in the state of Washington.

24. On information and belief, Defendant's other truck driver employees typically work similar schedules to Plaintiff and typically work over forty (40) hours in a workweek.

25. On information and belief, Defendant's uniform pay practice of refusing to pay overtime premium wages applied to all its truck driver employees, who received only their base mileage compensation and drop rate for all hours worked, regardless if they worked over forty (40) hours in a workweek.

26. Defendant was aware that its truck driver employees did not receive overtime wages as required under Washington law. *See* Wash. Rev. Code § 49.46.130(f), Wash. Admin. Code 296-128-012(1)(a).

27. Defendant willfully failed to pay overtime wages owed by Washington law to Plaintiff and other truck driver employees.

## V. CLASS ACTION ALLEGATIONS

28. Plaintiff brings his claim for relief under Washington state law, as listed above, for violations of the Washington MWA as a class action pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

29. Numerosity (FED. R. CIV. P. 23(a)(1)) – the Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period Defendant employed over 50 truck drivers in the state of Washington.

30. Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the Class, including, but not limited to, the following:

a. Whether Defendant has failed to compensate the Class Members for overtime hours worked at the overtime premium rate;

b. Whether Defendant's violation of the MWA was willful;

c. Whether Plaintiff and the Class Members are entitled to double damages under the MWA for the volitional and willful withholding of wages.

31. Typicality (FED. R. CIV. P. 23(a)(3)) –Plaintiff's claims are typical of those of the putative Class. Plaintiff, like other Class Members, was subjected to Defendant's policy or practice of refusing to pay overtime premium wages for hours worked over forty (40) in compliance with the MWA. Plaintiff's job duties and claims are typical of those of the putative Class.

32. Adequacy (FED. R. CIV. P. 23(a)(4)) –Plaintiff will fairly and adequately represent and protect the interests of the putative Class.

33. Adequacy of counsel (FED. R. CIV. P. 23(g)) –Plaintiff has retained counsel competent and experienced in complex class actions and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees asserting class claims under state law. Plaintiffs' counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

34. Class certification of the Washington MWA claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to pay overtime premium wages for hours worked over forty (40) in violation of Washington law.

35. Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the MWA claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative Class. The damages suffered by individual members of the putative Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

36. Notice (FED. R. CIV. P. 23(c)(2)(B)) –Plaintiff intends to send notice to all members of the putative Washington Class to the extent provided by Rule 23.

37. Plaintiff proposes that the class to be certified be initially defined as:

> All current and former Washington-based truck driver employees of Defendant who are or have been employed by Defendant at any time from the date three years before the commencement of this lawsuit through the date of trial of this action.

38. Plaintiff reserves the right to refine this definition or establish sub-classes should discovery reveal that a more appropriate class definition exists.

## VI. CAUSE OF ACTION: Violation of Washington Minimum Wage Act

39. Defendant's policies and practices under which Plaintiff and the Class of similarly situated employees were denied overtime premium payments for all hours worked over forty (40) in each workweek violates the Washington MWA (Wash. Rev. Code § 49.46.130(f), Wash. Admin. Code 296-128-012(1)(a)), and constitute willful withholding of wages in violation of Wash. Rev. Code § 49.52.050-.070 entitling such employees to damages as set forth below.

40. As a result of Defendant's unlawful acts, Plaintiff and the putative Class Members have been deprived of compensation in amounts to be determined at trial. Plaintiff and the putative Class Members are entitled to recover such damages, including interest thereon, as well as attorneys' fees and costs. Plaintiff and the Class Members are also entitled to declaratory and injunctive relief.

## VII. JURY DEMAND

41. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

42. Plaintiff, individually and on behalf of the putative Class Members asks that the Court award the following order(s) and judgment against Defendant as follows:

a. An order certifying the proposed Class;

b. An order appointing Plaintiff as the representative of the Class;

c. An order appointing Plaintiff's counsel as counsel for the Class;

d. A declaratory judgment finding that the actions complained of herein violate Washington's MWA;

e. An order enjoining Defendant from continuing to deny overtime premium pay to Washington-based truck drivers;

f. Judgment awarding Plaintiff and Class Members compensatory and exemplary damages;

g. Judgment awarding Plaintiff and Class Members double damages under Wash. Rev. Code § 49.52.050-.070;

h. Judgment awarding Plaintiff attorneys' fees and costs, as allowed by law;

i. Judgment awarding pre- and post-judgment interest to Plaintiff and the putative Class Members, as provided by law; and

j. Such other and further relief as the Court deems necessary.

DATED: June 29, 2026

NAUHEIM LAW OFFICE, LLC

By: *s/David Nauheim*
David Nauheim, WSBA #41880
2707 Colby Ave. Suite 1420
Everett, Washington 98201
david@nauheimlaw.com

WAGE AND HOUR FIRM

*s/Melinda Arbuckle*
Melinda Arbuckle
Texas State Bar No. 24080773
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile
marbuckle@wageandhourfirm.com

*ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS*